UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul D. Robinson, | ) | C/A No. 4:15-cv-00650-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Florence County Police Department; Officer John Mims, and Officer Jon Watts, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

This is the second civil action that Paul D. Robinson ("Plaintiff") has filed in this court based on matters that allegedly occurred following a vehicle stop by Florence County law enforcement officers on April 28, 2014. In the first case, *Robinson v. Florence County Police Department*, Civil Action No. 4:15-cv-00387-RBH-KDW, Plaintiff named two defendants also named as Defendants in this case: Florence County Police Department and Officer Watts. He also named the Florence County Sheriff's Department as a defendant in the prior case. The facts alleged in both cases are virtually identical. The court directed that the complaint in the prior case be served on Officer Watts, but the undersigned recommended that the case be partially summarily dismissed as to the police and sheriff's departments. *Id*. (Report and

Recommendation, ECF No. 11). The summons was issued for Officer Watts on February 13, 2015, ECF No. 13, and the case is currently pending.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Following close review of the allegations contained in the Complaint filed in this case, it is clear that, with the exception of Plaintiff's naming one different party Defendant (Officer Mims) this case is duplicative of Civil Action No. 4:15-cv-00387-RBH-KDW. This court will not entertain two separate, virtually identical lawsuits filed by the same individual against, essentially, the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy by creating unnecessary confusion and duplication of effort. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

As previously stated, this court already authorized service of the complaint that Plaintiff filed in Civil Action 4:15-cv-00387-RBH-KDW on Officer Watts. The summons was issued in that case less than one month ago. *Id.* at ECF Nos. 9, 13 (serve order and docket entry for issuance of summons). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). If Plaintiff wishes to sue additional defendants for matters arising from the April 28, 2014 vehicle stop and the events surrounding it, he may submit a motion to amend

in that pending case to attempt to do so,[1] but he should not file a separate lawsuit based on the same underlying facts just to name additional defendants. Plaintiff will have a full opportunity to litigate all of his plausible claims arising from the subject vehicle stop within the appropriate confines of applicable court procedures in Civil Action No. 4:15-cv-00387-RBH-KDW.

IV.   Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

March 23, 2015                                                              Kaymani D. West
Florence, South Carolina                                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] The court offers no opinion as to whether any such motion will be successful.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).